# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **MARK ALAN JORDAN, #510459,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:16-cv-0001** |
| | ) | |
| **SHERIFF JIMMIE BROWN,** | ) | **Chief Judge Sharp** |
| **SGT JAMIE MAHAR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Mark Alan Jordan, a state prisoner confined at the Dyer County Jail in Dyersburg, Tennessee, filed a civil rights complaint under 42 U.S.C. § 1983 against Lawrence County Sheriff, Jimmie Brown, and Lawrence County Jail Administrator, Sgt. Jamie Mahar. This action was originally filed in the United States District Court for the Western District of Tennessee but was transferred to the United States District Court for the Middle District of Tennessee, Columbia Division, pursuant to 28 U.S.C. § 1406(a). The complaint is before the Court for an initial review in accordance with the Prison Litigation Reform Act ("PLRA").

## I.    Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [the PLRA] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Nonetheless, in conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II.      Factual Allegations

The plaintiff alleges that in September 2012, while he was in custody at the Lawrence County Detention Center, he signed a binding contract to become an "Offsight" [sic] trustee. Pursuant to the terms of this contract, the plaintiff was to work for Lawrence County and in payment would receive extra good-time credits. He performed under the contract for seven months. The Court construes the complaint as alleging that, pursuant to the contract, he is entitled to have seven months "taken off the back of [his] sentence." (ECF No. 1, at 7.) The plaintiff alleges that the Lawrence County Detention Center breached the contract by failing to award him the good-time credit for which he worked very hard and that he has had no luck in trying to resolve the issue and obtain the credits to which he is entitled.

## III.     Discussion

The plaintiff brings suit under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

In this case, the defendants, Sheriff Brown and Sgt. Mahar, are considered to be persons who act under color of state law. The plaintiff's allegations, however, do not establish that the defendants violated his federal constitutional rights. Instead, he alleges that jail officials breached a contract with him. The plaintiff does not identify what constitutional provision he believes this conduct would violate, but it is clear that the Eighth Amendment, which generally prohibits the infliction of cruel and unusual punishment upon

prisoners, is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (citation omitted). Breach of contract is a state-law issue. Neither the Eighth Amendment nor any other provision of the United States Constitution provides a basis for a prisoner to recover against prison officials for breach of a contract. *Cf. Taylor v. Aramark Corr. Servs., Inc.*, No. 1:15-cv-927, 2015 WL 9127365 (W.D. Mich. Dec. 16, 2015). The Court therefore finds that the complaint fails to allege the existence of a federal claim under 42 U.S.C. § 1983 over which the Court would have federal jurisdiction. Moreover, the Court lacks diversity jurisdiction over the state-law claim, because the plaintiff does not allege that the controversy is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

The Court further notes that, to the extent the plaintiff seeks to bring a due-process claim based on the deprivation of good-time credits that were actually awarded to him, he fails to allege facts to support such a claim, in part because he does not allege that the good-time credits were ever actually awarded. The Supreme Court has held that inmates have no inherent constitutional right to good time credit. *Martin v. O'Brien*, 207 F. App'x 587, 589 (6th Cir. 2006) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). And it is only in situations where the state has created a right to good time and recognized that, *once awarded*, the credit can only be taken away for "major misconduct," that a prisoner has a substantial liberty interest in such credit, protected by the Fourteenth Amendment, sufficient to "entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557.

The Court further notes that, insofar as the plaintiff seeks relief in the form of the actual restoration of good-time credits previously awarded but of which he was deprived without due process, such a claim would need to be brought in a petition for the writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that the sole federal remedy available to state prisoners challenging the very fact or duration of their confinement and seeking a speedier release is by writ of habeas corpus). Before filing a habeas corpus action in this Court, the plaintiff would of course first need to exhaust all state-court remedies available to him.

This action will be dismissed for failure to state a claim for which relief may be granted. The plaintiff's breach-of-contract claim will be dismissed without prejudice to the plaintiff's ability to file a state

complaint alleging breach of contract. The dismissal will also be without prejudice to the plaintiff's ability to bring suit for damages based on a deprivation of due process related to the loss of good-time credits, if he is in possession of facts that would support such a claim, or to bring a habeas claim for restoration of good-time credits, if the credits were ever actually awarded and assuming exhaustion of state-court remedies.

**IV.**     **Conclusion**

For the reasons set forth herein, this action will be dismissed in its entirety. An appropriate order is filed herewith.

KEVIN H. SHARP
Chief Judge
United States District Court